```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
                                                                     :
FRIO ENERGY PARTNERS, LLC,                                           :
                                                                     :
                              Plaintiff,                             :     22-cv-9766 (LJL)
                                                                     :
                -v-                                                  :     MEMORANDUM AND
                                                                     :         ORDER
FINANCE TECHNOLOGY LEVERAGE, LLC,                                    :
                                                                     :
                              Defendant.                             :
                                                                     :
-------------------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/15/2023
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Frio Energy Partners, LLC ("Frio") moves to compel discovery of defendant Finance Technology Leverage ("FTL") pursuant to Federal Rule of Civil Procedure 37(a)(1). Dkt. No. 37. FTL opposes the motion. Dkt. No. 38. The following constitutes the Court's rulings.

Frio asks for an order that FTL produce documents that its principals allegedly sent or received in their capacities as principals of an FTL affiliate, FTL Energy and documents in the possession of FTL Energy.

Under Rule 34(a)(1), a party is obligated to produce requested documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "The concept of 'control' has been construed broadly." *Coventry Capital US LLC v. EEA Life Settlements Inc.*, 334 F.R.D. 68, 72 (S.D.N.Y. 2020) (quoting *In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006)). "[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Bank of N.Y. v. Meridien BIAQ Bank Tanzania Ltd.*, 171 F.R.D. 135, 146–

47 (S.D.N.Y. 1997). "A party is deemed to 'control' documents that it has the legal right or the practical ability to obtain—even where those documents are in the physical possession of non-parties." *Waite v. UMG Recordings, Inc.*, 2020 WL 3959185, at *2 (S.D.N.Y. July 13, 2020) (quoting *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 190 (S.D.N.Y. 2013)). "The party seeking discovery has the burden of showing that the documents are within the other party's control." *Coventry Capital*, 334 F.R.D. at 72; *see Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022).

Although it is true that "employers have control over their employees and can be required to produce documents in their employees' possession," *Chevron Corp. v. Salazar*, 275 F.R.D. 437, 448 (S.D.N.Y. 2011), *objections overruled*, 2011 WL 13243797 (S.D.N.Y. Aug. 16, 2011), that rule applies to documents that were created "in connection with the officer's functions as a corporate employee" of *that specific employer*, *see Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 559 (S.D.N.Y. 1994) ("Where they were created in connection with the officer's functions as a corporate employee, the corporation has a proprietary interest in them and the officer has a fiduciary duty to turn them over on demand."); *CA, Inc. v. AppDynamics, Inc.*, 2014 WL 12860591, at *3 (E.D.N.Y. Sept. 8, 2014) ("Accordingly, where an individual creates documents in furtherance of his functions as a corporate officer, those documents are within the corporation's control for Rule 34 purposes and must be disclosed in response to a proper notice for production."); *cf. Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, 2022 WL 3704001, at *3 (S.D.N.Y. Aug. 26, 2022) ("While it is true that a client has control over its own documents in the possession of its attorneys, [] it is not correct that a client has control over its attorneys' other clients' documents also possessed by the attorneys."). Thus, the fact that the principals of FTL

are also principals of a non-party entity, FTL Energy, does not alone give FTL control of FTL Energy's documents.

Nevertheless, "a finding of control is warranted 'where a corporate entity has the ability in the ordinary course of business to obtain documents held by another corporate entity.'" *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 3173785, at *7 (E.D.N.Y. Aug. 11, 2010) (quoting *S.E.C. v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 472 (S.D.N.Y. 2000)).  In determining that ability, courts "naturally focus on the relationship between the targeted entity and the custodian of the documents, the manner in which the custodian has handled the documents at issue and similar categories of documents in the ordinary course of business, and any business or other interests that may impact on the willingness of the custodian to share the documents with the subpoenaed entity in the current circumstances."  *In re Nortel Networks Corp. Sec. Litig.*, 2004 WL 2149111, at *3 (S.D.N.Y. Sept. 23, 2004); *see In re: Application of Passport Special Opportunities Master Fund, LP*, 2016 WL 844833, at *6 (S.D.N.Y. Mar. 1, 2016).

In arguing that FTL has the practical ability to obtain documents held by FTL Energy, Frio notes that the principals of the two companies are the same, communications on behalf of FTL and FTL Energy are sent from the same email addresses, emails of the two entities are maintained on the same domain, and documents of the two entities are maintained on the same cloud storage.  Dkt. No. 37.  Frio, however, cites to no evidence in support of any of these contentions.  In response, FTL contends that "FTL and [FTL Energy] are separate entities, and FTL does not have possession, custody, or control of EA's documents."  Dkt. No. 38 at 1.

"In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion."  *Bank of New*

*York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 147 (S.D.N.Y. 1997). "In other words, Plaintiffs must cite to specific evidence to challenge Defendants' assertions that no additional responsive documents exist." *Bernazard v. Koch*, 2017 WL 11711323, at *1 (E.D.N.Y. June 13, 2017) (quoting *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016)). Here, Frio has presented no evidence to support its claim that FTL's assertion that it does not have control over the documents of FTL Energy are untrue. Thus, Frio's motion to compel productions of these documents is denied without prejudice to renewal upon submission of evidence. *See Jackson v. Edwards*, 2000 WL 782947, at *4 (S.D.N.Y. June 16, 2000).

Frio also moves to compel a response to interrogatory #3. Interrogatory #3 reads as follows:

> Identify the current location of the Structuring Deposit. Please include in your answer the name of the financial institution holding the Structuring Deposit, the amount remaining, and the account name. If the Structuring Deposit has been used by FTL for any purpose, please identify the purpose and provide the date the money was used, the amount of money used, and who the money was paid to, if anyone.

Dkt. No. 37-1 at ECF p. 12. FTL objects that the interrogatory exceeds the scope permitted by Local Rule 33.3 because, among other things, it calls for information that is not in physical form, and that the interrogatory also calls for irrelevant information. Dkt. No. 38 at 2.

Local Civil Rule 33.3 limits interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." LR 33.3(a); *see Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022). The Local Rules elsewhere state that "[t]he term 'document' is defined to be synonymous in meaning

4

and equal in scope to the usage of the term 'documents or electronically stored information' in Fed. R. Civ. P. 26(c)(2)." Federal Rule of Civil Procedure 34(a)(1)(A) defines "documents or electronically stored information" to include "data . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable format."

The request for the identity of the financial institution holding the Structuring Deposit falls within the scope of the information permitted to be requested under Local Rule 33.3 and shall be provided.  In addition, the information is relevant.  The motion is denied with respect to the remainder of the request.

The parties also ask the Court for a ruling on the start time for the deposition of FTL's Chief Executive Officer, Giarrusso, who resides in London, England.  Dkt. No. 37 at 3.  The parties have agreed that the deposition may be taken in London.  *Id.*  Counsel for Frio intends to take the deposition remotely with the agreement of FTL.  *Id.*  Counsel for FTL intends to attend in person.  FTL has offered the witness for deposition in London on July 26, 2023 at 9:30am local time (or 4:30am EST).  Counsel for Frio has requested a start time of 12:00 pm local time (or 7:00am EST).  Counsel for FTL will agree to a 12:00 pm start time only if FTL pays for defense counsel's hotel costs for one night of lodging in London so that the deposition may take place over two days.  The Court has discretion with respect to the scheduling of the time for a deposition.  7 Moore's Federal Practice § 30.20(1)(b) (3d ed. 2016).  It is not unreasonable for United States counsel to ask for a 12:00 pm start time.  Plaintiff's motion is granted.

    The Clerk of the Court is respectfully directed to close Dkt. No. 37.

    SO ORDERED.

Dated: June 15, 2023  
      New York, New York

                                                       LEWIS J. LIMAN  
                                                     United States District Judge